UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) ) ) | |
| v. | ) ) | Criminal No. 06-CR-318 (ESH) |
| RICARDO SELDON, | ) ) ) | |
| Defendant. | ) ) | |

# MEMORANDUM OPINION

Before the Court is defendant Ricardo Seldon's motion to reduce his sentence of imprisonment pursuant to 18 U.S.C. § 3582(c)(2). Section 3582(c)(2) provides that a district court may "reduce the term of imprisonment" of "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2); see U.S.S.G. § 1B1.10(a)(1). Defendant's motion is based on Amendment 750 to the Sentencing Guidelines, which lowered the offense levels for crack cocaine offenses, *see* U.S.S.G. App. C, amend 750 (Nov. 2011), and which applies retroactively. *See* U.S.S.G. § 1B1.10(c).

Defendant, who was conviction of unlawful possession with intent to distribute 5 grams or more of cocaine base, was initially sentenced to a term of imprisonment of 94 months, based on a guidelines range of 78 to 97 months (offense level 27), with 60 months (the statutory mandatory minimum) to be served consecutively to his sentence in another case, Criminal No. 05-0260. (Judgment in a Criminal Case, June 28, 2007 [ECF No. 31].) Thereafter, the Sentencing Commission adopted Amendment 706, its first revision to the crack cocaine offense levels. *See* U.S.S.G. App. C, amend. 706 (Nov. 2007). Amendment 706, which also applied

retroactively, reduced defendant's sentencing range to 63 to 78 months (offense level 25). Based on this lowered sentencing range, defendant filed a § 3582 motion to reduce his sentence. Defendant sought both a reduction in his total term of imprisonment and a reduction in the amount to be served consecutively to his sentence in Criminal No. 05-0260. The Court granted the motion in part by reducing his sentence to 75 months, but did not alter the 60 months that had to be served consecutively to the other sentence. (Order Regarding Mot. for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2), Feb. 24, 2010 [ECF No. 38].)

Defendant's sentencing range was again lowered by Amendment 750, so that if he were sentenced today his sentencing range would be 51 to 63 months (offense level 23). Defendant seeks a sentence of time served, which would fall within the new range but would be less than the 60 month statutory mandatory minimum. Defendant argues that he is entitled to the benefit of this further reduction, despite the statutory mandatory minimum that applied at the time he was sentenced, because of the Fair Sentencing Act of 2010 ("FSA"), which took effect on August 3, 2010. The FSA increased the amount of crack cocaine necessary to support a 60 month mandatory minimum sentence, so that if defendant were sentenced today he would not be subject to a statutory mandatory minimum sentence. The Supreme Court has held that the FSA's reduced penalties apply retroactively to all defendants sentenced on or after August 3, 2010. *Dorsey v. United States*, 132 S. Ct. 2321, 2326 (2012). Defendant argues that "it follows directly from the Supreme Court's analysis that the FSA's more lenient penalties also apply to defendants who seek sentence reductions pursuant to the retroactive FSA guideline amendments." (Def.'s Mot. at 3.) The government does not oppose a reduction to 60 months, but opposes any further reduction on the on the ground that the FSA does not apply retroactively to defendants seeking § 3582(c) sentence reductions who were originally sentenced before August 3, 2010.

In a recent decision, the Court of Appeals for the D.C. Circuit held that the FSA does not apply to defendants who were sentenced before August 3, 2010, even when the case is still on direct appeal. *See United States v. Fields*, No. 09-3137, __ F.3d __, 2012 WL 5457682, at *3-4 (D.C. Cir. Nov. 9, 2012); *see also United States v. Bigesby*, 685 F.3d 1060, 1066 (D.C. Cir. 2012). The decision in *Fields* is a clear rejection of defendant's argument and controlling precedent for this Court. Accordingly, defendant's sentence can be reduced to 60 months, but no more.

For the reasons stated, the Court will grant defendant's motion to reduce his sentence to 60 months, but will deny any further reduction. A separate Order accompanies this Memorandum Opinion.

/s/
ELLEN SEGAL HUVELLE
United States District Judge

Date: December 3, 2012